UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| MAURICE ANTHONY GORDON, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV417-020 |
| | ) | CR499-153 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant Maurice Anthony Gordon, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate his sentence. Doc. 177;[1] *see* docs. 14 (indictment), 90 (jury verdict), 96 (judgment for 180 months' imprisonment). The Government seeks to dismiss his motion as successive (doc. 183); Gordon has not opposed.

I. BACKGROUND

This is not Gordon's first rodeo. After judgment was entered on March 28, 2000, he unsuccessfully appealed, *see United States v. Gordon*, 273 F.3d 1119 (Table) (11th Cir. 2001), and attempted

---

[1] The Court is citing to the criminal docket in CR499-153 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

(unsuccessfully) to challenge his sentence, *see* doc. 137, 140 & 143 (dismissed as untimely). In August 2015, the Department of Justice (DOJ) issued a letter informing counsel that a microscopic hair comparison analysis prepared during the investigation had included "erroneous . . . statements that exceeded the limits of science." Doc. 176 at 1 (ordering a copy served on Gordon). The DOJ had apparently reviewed Gordon's file as part of a systematic review of "microscopic hair comparison reports and testimony presented . . . before December 31, 1999," and determined that his report had "overstat[ed] the conclusions that may appropriately be drawn from a positive association between evidentiary hair and a known hair sample." *Id.* at 4.

II. ANALYSIS

Gordon filed this latest motion on January 22, 2017 -- without authorization from the Eleventh Circuit to present a successive habeas motion -- contending that this "new" information warranted § 2255 relief. Doc. 177. To file a second or successive § 2255 motion, however, he first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C.

§ 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Since this Court dismissed Gordon's first § 2255 motion on the merits[2] and he has not sought authorization from the Eleventh Circuit to file a successive motion, there is no jurisdiction to consider his second petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United*

---

[2] Dismissal as time-barred is "on the merits," making any later motion challenging the same conviction successive and therefore requiring authorization by the Circuit panel prior to filing in the district court. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases).

*States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *see also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").[3]

---

[3] Further, no exception to the successiveness bar applies here. *See Stewart v. United States*, 646 F.3d 856, 861 (11th Cir. 2011) (describing a limited class of cases where the successiveness bar would not apply because "the basis for [the] claim did not exist" at the time of movant's initial § 2255 motion, such as a motion to vacate an enhanced sentence based upon a newly-vacated conviction).

Though Gordon only recently received the DOJ's letter, any claim that the microscopic hair comparison analysis was insufficient was not only available to him at the time of his first § 2255 motion, but he also argued it (extensively) during trial. *See, e.g.,* doc. 101 at 29-30 (counsel's opening statement criticizing the reliability of the hair analysis); *id.* at 245-46 (counsel's cross-examination of an FBI special agent, leading to testimony that "microscopic examination of the hair . . . does not allow for a positive identification [like] DNA testing" and that the FBI had requested "blood samples" and "mouth swabbings" from Gordon to "offer a more accurate identification of the hairs"); *id.* at 266-89 (lab report author's testimony that while she could demonstrate an "association" between "consistent" "hair exhibits" and Gordon's hair samples, she could not with certainty identify them as being identical or belonging to the same individual (much less an individual of the same gender)); *id.* at 371 (counsel's closing argument that "consistent" hair samples are "not a basis for a positive identification. It is not conclusive. There is no certainty. There is no proof beyond a reasonable doubt.").

And "claims based on a *factual* predicate not previously discoverable are successive." *Stewart*, 646 F.3d at 863 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) ("if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.")); *Scott v. United States*, 81 F. Supp. 3d 1326, 1334 (M.D. Fla. 2015) ("it is only defects that were wholly nonexistent at the time the petitioner filed his initial motion to vacate that will avoid being characterized as 'second or successive' in a subsequent motion to vacate.").

In other words, there is no claim here, about the limitations of the microscopic hair comparison analysis, which has arisen since the time of trial (where counsel

4

It follows that movant cannot rely upon § 2255(h)(2) to permit his indisputably successive filing. His motion is therefore procedurally barred and must be **DISMISSED**. Accordingly, the Government's motion to dismiss Gordon's § 2255 motion (doc. 183) should be **GRANTED**. Also, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the

---

indisputably argued that it was insufficient and unreliable, *exactly* as the DOJ's letter indicated it to be). Hence, it cannot be considered "new evidence" invoking an exception to the successiveness bar. *Scott*, 81 F. Supp. 3d at 1334. Movant's motion therefore must be deemed "second or successive," and this Court lacks any jurisdiction to further consider it absent permission from the Court of Appeals. 28 U.S.C. § 2255(h)(2); *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional . . .").

Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __12th__ day of April, 2017.

_/s/ J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA